UNITED STATES, Appellee

v

DAVID L. JACKSON, Private First Class, U. S. Marine Corps,
Appellant

No. 27,263

October 19, 1973

*Lieutenant William Polkinghorn, Jr.,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Commander Harvey E. Little,* JAGC, USN, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

One hundred and twenty-six days elapsed between the accused's confinement on May 19, 1972, and his trial on September 22, 1972. With the exception of 1 day,[1] the accused was confined for the entire period—125 days. The evidence reflects that on May 30 he executed a formal written request to see his counselor, Staff Sergeant Best, "to see . . . about getting me a lawyer," but one was not assigned to him until August 21, 1972, 83 days later, despite repeated interim official requests for assistance. On the day, August 24, counsel was informed he was to defend the appellant, he also received TAD (temporary additional duty) orders[2] from the Commanding General, Camp Lejeune, North Carolina, to proceed to Marine Corps Air Station, El Toro, California, "for a period of about nine days in connection with participating in the All Marine Golf Championship."

A stipulated chronology was entered at trial during the hearing on defense counsel's motion to dismiss for lack of speedy trial. While the Court of Military Review affirmed the appellant's conviction, it, nevertheless, declared that:

In our view, this record is not a model of expeditious processing in bringing this appellant to trial.

We agree.

The single offense for which the appellant was convicted, unlawfully receiving stolen money orders of a value of about $200.00, allegedly occurred on or about April 14, 1972. The accused made a full and complete confession to the mail offense to agents of the Naval Investigative Service on May 19, 1972. The Article 32 investigating officer was not ap-

---

[1] Jackson was released on June 20, but was reconfined the following day for allegedly committing the offense of resisting apprehension. He was found not guilty of this charge at trial.

[2] The TAD was to commence on or about August 26, 1972. Defense counsel returned to Camp Lejeune on September 2, 1972.

pointed, however, until August 21, the same day defense counsel was assigned. The hearing was held September 7; the report, consisting of less than five type-written pages and three pertinent attachments, was prepared September 13; and charges were served on the appellant September 19. Trial was held on September 22. Such alacrity, while commendable, required the accused to waive the 5-day waiting period provided by Article 35, Uniform Code of Military Justice, 10 USC § 835, in order to avoid additional delay.

We have carefully examined the stipulated chronology and the testimony at trial relative to the appellant's claim that he was denied his right to a speedy trial. In our opinion, these data are insufficient to sustain the heavy burden the Government must bear in explaining delay beyond the period of 90 days which we specified in United States v Burton, 21 USCMA 112, 44 CMR 166 (1971). See also United States v Marshall 22 USCMA 431, 47 CMR 409 (1973); United States v Smith, 22 USCMA —, 47 CMR — (September 21, 1973); United States v Stevenson, 22 USCMA —, 47 CMR — (August 24, 1973).

The findings of guilty and sentence are set aside and the decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. The charges are ordered dismissed.